IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TALA BERRY | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-18-4619 |
| WAL-MART STORES TEXAS, LLC | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

**I.     Background**

This issue is whether Tala Berry may amend her complaint to add a nondiverse party that would destroy the court's federal-removal diversity jurisdiction.

Berry alleges that in January 2018, she was assaulted while shopping at a Wal-Mart. (Docket Entry No. 1-2 at 2). After the assault, Berry telephoned her boyfriend, Roderick Thomas, who was waiting for her in the parking lot. Berry fell and lost consciousness. Thomas dialed 911 and chased the assailant to a building across the street. (Docket Entry No. 1-2 at 3). The security guard at the building helped Thomas hold the assailant until the police arrived. (*Id.*).

Berry contends that she gained consciousness after the ambulance came, and Thomas took her to the building where the police were holding the alleged assailant. Berry told the police about the incident. She either knew the alleged assailant's identity at that point or knew that the police would have the information.

In September 2018, Berry sued Wal-Mart in state court, alleging negligence and breach of its common-law duty of good faith and fair dealing. (Docket Entry No. 1-2 at 4–6). Wal-Mart removed under 28 U.S.C. § 1441 and § 1446 and moved for partial dismissal under Federal Rule of

Civil Procedure 12(b)(6). (Docket Entry Nos. 1, 8). The parties agreed that diversity existed because Berry is a Texas resident and Wal-Mart is a Delaware corporation with its principal place of business in Arkansas. (Docket Entry No. 1 at 2).

Without responding to Wal-Mart's motion to dismiss, Berry moved for leave to amend her complaint to add a premises-liability claim and to add the alleged assailant, Anthony Henderson, a Texas resident, as a codefendant. (Docket Entry Nos. 12, 19). Berry intends to move for remand. (*Id.*). Wal-Mart opposes Berry's motion for leave to amend to add Henderson, but it agrees that Berry may amend her complaint against Wal-Mart to add a premises-liability claim. (Docket Entry No. 20).

After a careful review of the complaint, the motion and response, the record, the applicable law, and counsels' oral arguments, the court denies Berry's motion for leave to amend to add a party but allows her to add a premises-liability claim against Wal-Mart. The reasons are explained in detail below.

## II. The Legal Standard

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15. The district court may "freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a); *Moore v. Manns*, 732 F.3d 454, 456 (5th Cir. 2013). But if the plaintiff seeks to join a defendant who would destroy diversity jurisdiction, the court applies 28 U.S.C. § 1447(e) to determine whether to allow joinder and remand the action to the state court. *Agyei v. Endurance Power Prods., Inc.*, 198 F. Supp. 3d 764, 769 (S.D. Tex. 2016) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987); and *Hawthorne Land Co. v. Occidental Chem.*

2

*Corp.*, 431 F.3d 221, 227 (5th Cir. 2005)); *see also Boudreaux v. U.S. Flood Control Corp.*, 389 F. App'x 376, 376–77 (5th Cir. 2010) (per curiam).

Under 28 U.S.C. § 1447(e), the district court scrutinizes a proposed amended pleading adding a nondiverse defendant "more closely than an ordinary amendment." *Moore*, 732 F.3d at 456 (citation omitted). The district considers: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction"; (2) "whether the plaintiff has been dilatory in asking for the amendment"; (3) "whether the plaintiff will be significantly injured if the amendment is not allowed"; and (4) "any other equitable factors." *Hensgens*, 833 F.2d at 1182; *see also Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 768–69 (5th Cir. 2016); *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 679 (5th Cir. 2013).

### III. Analysis

The first *Hensgens* factor asks about Berry's purpose in joining the new defendant. When analyzing this factor, a court considers "whether the plaintiff[] knew or should have known the identity of the nondiverse defendant when the state complaint was filed." *Randolph v. Avis Budget Car Rental, LLC*, No. H-17-3638, 2018 WL 1932656, at *1 (S.D. Tex. Apr. 23, 2018) (citing *De la Cruz v. Home Depot U.S.A., Inc.*, No.4:15-1566, 2015 U.S. Dist. LEXIS 13856, at *6 (S.D. Tex. Oct. 22, 2015)). Berry's original petition did not name Henderson, but it alleged that a third party had assaulted her. (Docket Entry No. 1-2 at 2–3). In her motion for leave to amend, Berry contends that she did not know Henderson's identity until she received the initial disclosures provided by Wal-Mart, after this case had been removed to federal court. (Docket Entry No. 19 at 4).

Wal-Mart disputes this contention, arguing that Berry learned of Henderson's identity on the day of the incident or learned that the police had it and could provide it on her or her lawyer's request. (Docket Entry No. 20 at 4–5). Wal-Mart points to Berry's state-court petition, which

alleged that Thomas had chased the assailant and held him and that Berry talked to the police about the incident at the location where Henderson was detained, then arrested. (Docket Entry No. 1-2 at 3). Wal-Mart submitted evidence showing that Henderson was arrested and charged for this incident that same day. He pleaded guilty in June 2018, more than two months before Berry sued Wal-Mart in state court. (Docket Entry Nos. 20-2, 20-3).

Wal-Mart also submitted evidence showing that in Berry's January 2018 email to Wal-Mart demanding compensation, she specifically identified Henderson by name as her assailant. (Docket Entry No. 20-4). According to Wal-Mart, Berry knew Henderson's identity or knew that she could get it from the police, but she did not pursue claims against him in her state-court lawsuit. (Docket Entry No. 20 at 8).

Berry admitted that she was present when the police arrested Henderson in January 2018. Even if Berry did not know Henderson's identity when he was arrested, Berry at least knew that she or her lawyer could learn that information from police records. (Docket Entry No. 1-2 at 3). Berry's January 2018 email also shows that she knew Henderson's identity as her alleged assailant. (Docket Entry No. 20-4). The record shows that Berry knew or should have known Henderson's identity before she filed her state-court petition eight months later, in September 2018. *See Martinez v. Holzknecht*, 701 F. Supp. 2d 886, 889–91 (S.D. Tex. 2010) (because the plaintiff knew or should have known the identity of the proposed new defendant, the court found that the plaintiff sought to amend the complaint to frustrate jurisdiction).

Berry's effort to add Henderson, a nondiverse defendant, shortly after Wal-Mart removed to federal court, but before any additional discovery, is also an indication that she sought the amendment to defeat diversity. *Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999). The first

alleged that Thomas had chased the assailant and held him and that Berry talked to the police about the incident at the location where Henderson was detained, then arrested. (Docket Entry No. 1-2 at 3). Wal-Mart submitted evidence showing that Henderson was arrested and charged for this incident that same day. He pleaded guilty in June 2018, more than two months before Berry sued Wal-Mart in state court. (Docket Entry Nos. 20-2, 20-3).

Wal-Mart also submitted evidence showing that in Berry's January 2018 email to Wal-Mart demanding compensation, she specifically identified Henderson by name as her assailant. (Docket Entry No. 20-4). According to Wal-Mart, Berry knew Henderson's identity or knew that she could get it from the police, but she did not pursue claims against him in her state-court lawsuit. (Docket Entry No. 20 at 8).

Berry admitted that she was present when the police arrested Henderson in January 2018. Even if Berry did not know Henderson's identity when he was arrested, Berry at least knew that she or her lawyer could learn that information from police records. (Docket Entry No. 1-2 at 3). Berry's January 2018 email also shows that she knew Henderson's identity as her alleged assailant. (Docket Entry No. 20-4). The record shows that Berry knew or should have known Henderson's identity before she filed her state-court petition eight months later, in September 2018. *See Martinez v. Holzknecht*, 701 F. Supp. 2d 886, 889–91 (S.D. Tex. 2010) (because the plaintiff knew or should have known the identity of the proposed new defendant, the court found that the plaintiff sought to amend the complaint to frustrate jurisdiction).

Berry's effort to add Henderson, a nondiverse defendant, shortly after Wal-Mart removed to federal court, but before any additional discovery, is also an indication that she sought the amendment to defeat diversity. *Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999). The first

factor weighs heavily in favor of denying Berry's motion to join Henderson as a nondiverse defendant.

The second *Hensgens* factor asks whether the plaintiff was dilatory in seeking to amend. To analyze this factor, courts "often look to the amount of time between the original state court action and the request to amend, and the time between the removal and the request." *Lowe v. Singh*, No. H-10-1811, 2010 WL 3359525, at * 3 (S.D. Tex. Aug. 23, 2010). Although courts generally find that a plaintiff "is not dilatory in seeking to amend a complaint where no trial or pre-trial dates are scheduled and no significant activity beyond the pleading stage has occurred," the analysis is different "when the proposed amendment would add a non-diverse defendant after removal and defeat diversity jurisdiction." *Wells v. Chesapeake Energy Corp.*, No. H-15-1856, 2016 WL 1182247, at *3 (S.D. Tex. Mar. 28, 2016) (citation omitted). "In such a circumstance, [a] delay of two months after the filing of the original complaint or almost thirty days after the notice of removal has been found dilatory." *Multi-Shot, LLC v. B&T Rentals, Inc.*, H-09-3283, 2010 WL 376373, at * 9 (S.D. Tex. Jan. 26, 2010) (quotation omitted).

Berry filed her state-court petition in September 2018, the case was removed in December 2018, and Berry moved to add Henderson as a party in February 2019. (Docket Entry Nos. 1, 12). Berry waited more than three months after she filed the original petition and two months after the case was removed before she sought to add Henderson as a codefendant. Berry's motion is dilatory. *See Chesapeake Energy Corp.*, 2016 WL 1182247, at *3 (a motion filed three and a half months after the original petition and two and a half months after removal was dilatory); *Gallegos v. Safeco Ins. Co.*, No. H-09-2777, 2009 WL 4730570, at *4 (S.D. Tex. Dec. 7, 2009) (a motion filed two months after the state-court action and thirty days after removal was dilatory); *Wein v. Liberty Lloyds of Tex. Ins. Co.*, No. A-15-CA-19-SS, 2015 WL 1275915, at *6 (W.D. Tex. Mar. 19, 2015)

5

(a motion filed one and a half months after the state-court action was dilatory); *cf. W&L Ventures v. E. W. Bank*, No. H-13-00754, 2014 WL 1248151, at *4 (S.D. Tex. Mar. 26, 2014) (a motion filed just over a month after the original complaint was filed and three days after it was removed was a neutral factor). The second factor weighs against allowing joinder.

The third *Hensgens* factor looks to whether a plaintiff will be significantly injured if leave to amend is not allowed. The critical question is "whether a plaintiff can be afforded complete relief in the absence of the amendment." *Lowe*, 2010 WL 3359525, at *2. Courts consider "whether the already named diverse defendant would be unable to satisfy a future judgment." *Agyei*, 198 F. Supp. 3d at 777; *Gallegos*, 2009 WL 4730570, at *5.

There is no indication that Wal-Mart cannot satisfy the judgment in this case. Denying Berry's motion to add Henderson will not deny her complete relief. The third factor also weighs in favor of denying joinder. *See Richardson v. Wal-Mart Stores Tex., LLC*, 192 F. Supp. 3d 719, 727 (S.D. Tex. 2016); *Wein*, 2015 WL 1275915, at *6.

The final factor asks about other equitable factors, including whether granting leave to amend would deprive a defendant of a properly invoked federal forum and whether denying leave to amend would result in parallel state-court proceedings. *Gallegos*, 2009 WL 4730570, at *5. Berry argues the court should allow her to add Henderson as a codefendant because Wal-Mart had raised Henderson as a responsible third party in its state-court answer. (Docket Entry Nos. 19 at 4, 1-3 at 1–2). Berry contends that she has the right to join Henderson in the current lawsuit to seek recovery from him. (Docket Entry No. 19 at 4).

Wal-Mart argues that Henderson was not designated as a responsible third party under TEX. CIV. PRAC. & REM. CODE § 33.004(e). Wal-Mart instead raised Henderson's criminal conduct as an independent or intervening cause of Berry's injury which would cut off its liability. Even if Wal-

6

Mart intended to designate Henderson as a responsible third party, under Texas law, a responsible third party is designated for apportioning fault, and he is not joined in the lawsuit and need not be. *Werner v. KPMG LLP*, 415 F. Supp. 2d 688, 702–03 (S.D. Tex. 2006); *see also Armstrong v. Nat'l Shipping Co. of Saudi Arabia*, No. H-15-868, 2017 WL 2156358, at *1 (S.D. Tex. May 17, 2017) (in a diversity case, federal rules apply to decide how third parties may be formally joined and become parties to the lawsuit, and § 33.004 does not require formal joinder) (citation omitted); *Apamibloa v. City of Hous.*, No. H-15-2566, 2016 WL 1567617, at *6 (S.D. Tex. Mar. 21, 2016) (denying motion for leave to add a nondiverse party although the defendant may have intended to join him as a responsible third party); *Golden v. Gen. Motors LLC*, No. 17-CV-606-RP, 2017 WL 5633465, at*3 (W.D. Tex. Nov. 22, 2017) (same).

Although Henderson's alleged criminal conduct is relevant, Berry has not shown that this factor warrants joinder. *See, e.g.*, *Kelly v. Scottsdale Ins. Co.*, No. 08-651-B-M2, 2008 WL 11412012, at * 3 (M.D. La. Dec. 8, 2008) (denying the plaintiff's motion for leave to join a nondiverse party although the defendant had raised the nondiverse party's criminal conduct as a defense); *Hodges v. Discovery Prop. & Cas. Ins. Co.*, No. DR-10-CV-15-AM-VRG, 2011 WL 13237593, at * 4 (W.D. Tex. Feb. 17, 2011) (denying the plaintiff's motion for leave to join a nondiverse party who allegedly directly caused the plaintiff's injury and was facing a criminal charge); *Randolph*, 2018 WL 1932656, at *1 (same).

Neither had Berry alleged or identified evidence showing that Henderson is a necessary party to resolve her claim against Wal-Mart. FED. R. CIV. P. 19. Berry's claims against Wal-Mart are based on negligence and premises liability, which are not derivative of her proposed claims against Henderson for assault and negligence. Berry did not seek injunctive or declaratory relief that would

7

require joining Henderson to the lawsuit. Berry's claims against Wal-Mart and her claims against Henderson focus on different factual and legal issues.

The court may also take judicial notice of public records of Henderson's guilty plea and convictions, without joining him as a party. FED. R. EVID. 201; *see Taylor v. Gibson*, 529 F.2d 709, 717 (5th Cir. 1976); *Alexander v. Verizon Wireless Serv., LLC*, 875 F.3d 243, 248 n.8 (5th Cir. 2017); *In re Moity*, 320 F. App'x 244, 249 (5th Cir. 2009). Asking Berry to separately bring any claims against Henderson in state court will not increase the risks of inconsistent results or waste judicial resources. Berry has not shown that equitable or other factors favor joinder and remand over Wal-Mart's right to invoke this federal forum and proceed with the litigation here.

### III. Conclusion

Berry's motion for leave to amend is granted in part and denied in part. (Docket Entry No. 19). Berry may amend to add a premises-liability claim against Wal-Mart, but she may not add Henderson as a codefendant.

SIGNED on March 28, 2019, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge